Mr. Gomez-Villagrana should not have been removed from this country because he is a United States citizen. This Court has jurisdiction to review the case in light of a very vexing question, a legal question, as to whether or not the immigration judge and the Board of Immigration Appeals, in deciding that Mr. Gomez-Villagrana is not a citizen, had incorrectly interpreted Section 301 of the Immigration and Nationality Act of 1958. I'd like to start, if I could, with where you ended your brief, which is to say there are two possibilities under which he can claim citizenship. One possibility is, and this came at the end rather than the beginning of your brief, is that his mother was unmarried at the time of his birth. Correct. And if she was unmarried at the time of his birth, all he needs to show is one year of residence in the United States by the mother. Correct. The other possibility is she was married, and if that's so, he needs to show ten years. Why are we burying the one-year possibility at the end of your brief, given that we have a marriage certificate in the record between his mother and father in 1970, I believe, 13 years after he's born? Correct. Your Honor, it wasn't intentional to bury it in the brief, but only to address the issues that were addressed in the proceedings below, namely 301A. Is there some obstacle to our considering the one-year claim out of wedlock criteria? Not at all. Not at all. And your answer to the government's argument that he should have raised this and he's foreclosed because of his failure to raise it administratively is the estate's answer in your reply brief? Yes. Our response to that is the case of Menassian, decided almost two years ago by this Court, in which the Court had said that in a situation of a citizenship claim, the gravity of that is recognized and exhausting administrative remedies would not be applied. So what are the clear facts on the continuous residence for one year? We have undisputed facts established by the sworn affidavit of Bernarda, the aunt of Simona, that her sister was in the United States, quote, from 1944 until 1956. You know, the mic's good enough. Back up just a little bit, lower the mic a little bit, and then just talk naturally, and I think you'll do just fine. That'll distract you less. Is this all right? That's right. Go for it. It works? Yeah, yeah. All right. So it is our position that the continuous presence requirement is satisfied merely by the evidence we have on hand and the record as established by the sworn affidavit of the aunt. What about the testimony of the before the judge? Yes. And what your client told the judge, that she traveled back and forth during that period? I mean, if there's conflict of facts here, we can't decide those conflicts. Understood, Your Honor. A number of points to address that. First of all, when we take that excerpt from the record and examine it, we realize that Mr. Gomez was asked a question about which he had no personal knowledge. These were years before. He could have said I have no personal knowledge. He flat out answered the question. Now, we're supposed to assume that he had no personal knowledge, that he's what? The question is asked and answered. Yes, it was asked and answered. It is unclear whether he had the benefit of counsel at that point.  And even if then... We're going to make a case here that says when someone has no counsel and they ask and answer a question that's very clear and precise, that we're disregarding it because they didn't have counsel. Well, Your Honor, it isn't entirely clear that it was that clear to him. For example, it was a compound question to which he answered simply yes. But where did he say it's not clear to me? He was asked two times. That's correct. See, my problem is I understood your argument. I don't know what to do with this because at this point it sounds like even though if we consider that ground for relief, we may have to send it back to district court and let them sort it out because we don't sort these things out at this level. What is our scope of review here? This is not a normal immigration case where we're going to have a case where the immigration judge has substantial evidence. This is a case that's brought under 28 U.S.C. 2201, which gives you a right to a hearing in district court if there is a triable issue of fact as to whether this person is a U.S. citizen, correct? Correct. And what you're saying is a triable issue of fact is made out by Bernarda's testimony that the mother lived in El Paso from 1944 to 1956, and particularly when she worked at the cafe between 1949 and 1950, and there's a conflict with that based on your own Petitioner's testimony that she went back every day back and forth. That's a conflict in the evidence as to whether she was continually within the United States, a conflict which should be determined by a trial court under the citizenship rules. Isn't that the case? Your Honor, we strongly disagree that there is any dispute of material fact. There are facts. I find it a matter of law that she lived in Tennessee. It's a matter of law, Your Honor, in light of the relevant provision before us, which is simply 301A requiring physical presence for X amount of time. Not physical presence. Continuous physical presence. The language of the statute applies to us is not continuous physical presence. It's simply physical presence. For a period or periods, the fact that there's the word periods totaling less than 10 years suggests that there may be a summation of discontinuous periods. I think your easier argument is the one year. Let me focus on that for a moment. The question that the Petitioner answers is with respect to the period after 1944. Now, is there any requirement if the Petitioner is born out of wedlock and the one year period applies, is there any period during the mother's life that that one year has to be satisfied or is it sufficient that there is any one year period during her life when she is in the United States? I believe that the way the statute reads is that it's any period prior to his birth a there's no other conditions attached. I think all we have to have is one year. We know that she was born in the United States in 1927. We know that she was baptized in the United States in April of 1927. And born in February of that year. That's right. So she was clearly in the United States in 1927. Correct. We have Petitioner's testimony that she went back to Mexico as a quote, young girl. Now, if she is going back as a young girl, and young girl means anything older than a year and a half, she's automatically satisfied. And it doesn't matter what she might or might not have done after 1944. That's correct, Your Honor. I'd like to address the question that Judge Brunetti had posed, which I didn't completely answer. You had asked whether or not the record as such satisfies a continuous presence requirement. And my answer to that is yes. And even in light of the back and forth testimony that he had testified to, even if that were true, we're not given specific information from that testimony as to a time, a measure of time with which we can subtract the continuous one year. And the decision that was made was also a reference on the fact that she has four older sisters that were born in Mexico. He has, not she.  Petitioner, but not the mother. Mr. Gómez-Filigrana has four other siblings born in Mexico, not the mother. The Petitioner has four older sisters, right? Correct. And one brother born in the U.S. before he was born. But the four sisters were born in Mexico during the relevant period. Yes. So it doesn't just cast doubt, not doubt, but it makes it a factual problem with regard to, we have too many sisters here, to the sisters' declaration about the time. That's all I'm asking. In other words, if we can't find that there was that one year somewhere, and if it has to be continuous, these other things were considered when the decision was made to say you didn't qualify for the 10 years. Again, the facts about the fact that she gave birth on four occasions in Mexico gives us no information about the time spent. No, it is a sum. Let me ask you this. If we conclude that there's a genuine issue of material fact as to whether or not she fulfilled the one-year period, if that's the applicable period, or the 10-year period, if that's the applicable period, is the appropriate resolution for us to send it to the district court for that determination as a matter of fact? That would be if there is an issue of material fact. Our position, however, is that even under the 10-year, which does not require continuous, those facts that may be producing an issue are not relevant to that statute, and therefore, there is no genuine issue of material fact under that provision. Okay. I think we understand your position. Let's hear from the government, and we'll give you a chance to respond. Good morning, and may it please the Court. My name is Greg Mack, counsel for the Respondent, the Attorney General of the United States. Let me first deal with the Court's question with respect to the one-year presence issue. I think, as we noted in the government's brief, that issue is not before the Court because it was not raised before the Immigration Court. Have you read our cases on exhaustion on citizenship claims? I have, indeed, Your Honor, but even in light of those cases, Have you read the case of Theogene v. Gonzalez, 411 F. 3rd, 1107? Not that case specifically, but I am aware of that case. Because that case is directly contrary to your position. But we've submitted to the Immigration Courts and the Board of Immigration Appeals, and the first instance has to resolve the question. That's with respect to the Supreme Court's decision in Materia V. Gonzalez. Well, I recommend for your evening reading, 411 F. 3rd, 1107, because it says that with respect to a claim of citizenship, administrative exhaustion is not required. While administrative exhaustion may not require it, the Ventura and Gonzalez principles would still apply because this Court would be in a position of resolving the claim. On the assumption that I have read our case correctly, and on the assumption that we have the question properly in front of us as to the citizenship under the one-year criterion, and I you needn't concede it, but I do recommend that you read the case. I will take that under advisement, Your Honor, but I would submit to this Court that with respect to the Ventura and Gonzalez cases, that the courts of appeals should not in the first instance resolve immigration facts. I understand your position. On the assumption that the question is appropriately in front of us as to whether or not he is a citizen, either under the 10-year period or over the one under the one-year period, if there is a question of material fact as to whether or not he is in fact a citizen, do you agree with your opposing counsel that the next step is for us to send it to the district court to determine that fact? I would not submit to that, Your Honor. I would say we go back to the immigration court and the Board of Immigration Appeals for resolution at that instance. Then, if there is a question of fact still existing after the immigration court and the Board of Immigration Appeals resolves the issue, then the question goes to the district court for resolution, not from a remand directly at this stage. Have you read 8 U.S.C. 1252b-5b? Yes, I have, Your Honor. It seems to me to say exactly the opposite of what you're saying. It says if there is a genuine issue of material fact after the administrative process, then the question goes to the district court for resolution. But all questions of law are resolved here in the courts of appeals, and I would submit that Ventura and Gonzalez principles state that courts of appeals and, indeed, district courts shouldn't be in the business of resolving immigration facts in the first instance. So this question of fact is not an immigration fact. I think that's your conceptual problem. An American citizen doesn't immigrate by staying here. A foreign citizen immigrates by coming here. If this person is an American citizen, it's not immigration. It's naturalization. Now, you say that Ventura also finds this as to naturalization as well as immigration, notwithstanding 1252b-5b? I would, Your Honor, because even if it's an immigration fact or a nationality fact, the question first gets resolved by the administrative authorities. Under what authority? I would submit under Ventura and the Gonzalez cases, Your Honor, that these facts are immigration cases, right? They are immigration cases, but this is a nationality question as well. And nationality facts are resolved in the first instance by immigration courts and the Board of Immigration Appeals. So I would submit the remedy is not that the question on the one-year issue goes directly back to the district court for resolution. It goes back to the immigration court and the Board of Immigration Appeals for resolution there. If after that stage, the question still needs to be sifted in terms of whether it is a genuine issue, material fact, we move to the district court. If not, we go back to this court after the BIA resolves the one-year issue. You know, I think your argument might be different if you had read our cases on exhaustion. Well, I take the point that with respect to nationality, this court would have said, you know, this is not an ordinary jurisdiction, but this question was never raised below and resolved below first by the immigration court or the Board of Immigration Appeals, which also reveals the reason. Well, the exhaustion question you raised in your brief without citing any cases, then in the reply brief, there was a response citing one of our cases, which probably is in itself sufficient to see a gene case was not discovered, and you did not cite it in your reply brief. But I should have thought that that would have placed you on inquiry to start reading those cases. Well, I am familiar with the Court's cases on immigration – excuse me, exhaustion and nationality, Your Honor, but we would submit … Well, no, I don't think you are. That is to say, I cited you the key case that seems to me controlling, and both sides of you, both of you seem to be unaware of it. Well, Your Honor, I have not read that specific case, and I am aware of the Court's exhaustion authorities with respect to citizenship. It's an important question that ordinarily gets resolved by the courts of appeals, but in this case, it was never addressed below. It is a question raised for the first time in this context in a petition for review. And what I would suggest to you … Well, you know, in a way it was and in a way it wasn't. He is uncounseled in front of the I.J. The I.J. knows darn well that he … that his … I'll say it this way. The I.J. states, after it has been remanded to him from the BIA, that … maybe I'll cite to you the … I'm on page 69 of the administrative record. This is now the I.J. talking. The Board of Immigration and Appeals remanded this case back to this Court because it indicated that the Court had previously indicated that the Respondent had not shown that his parents were married. Well, I.J. knows his parents weren't married. I.J. is presumed to know the law, and the I.J. is actually required to tell him what criteria he then has to satisfy. I mean, I think the I.J. is on notice right there. He's on notice, Your Honor, but the question was presented before the I.J. was on the 10 years issue, and that's the question that … Well, that was presented because that's what the I.J. said he had to satisfy, and the I.J. was wrong. And the I.J. had right there in front of him on the remand from the BIA that his parents weren't married. So even if exhaustion was required, which it's not, I'm not sure why this isn't sufficient. Well, I would suggest that it wasn't resolved at all. It may have been in front of the immigration judge, but it wasn't resolved at all. Well, exhaustion doesn't require resolution. Well, the immigration judge is aware, but the question wasn't resolved by the immigration judge. I repeat, exhaustion is not the same thing as resolution. Well, I think at this stage, Your Honor, what I would suggest, what I would state, though, is instead of going to the district court, the matter should go back to the immigration courts and the administrative level. But I take the court's point on that regard. Now, if, and I understand you're not conceding, and I'm not asking you to concede for purposes of this question. If the question is appropriately in front of us, whether or not the 1-year criterion is the appropriate criterion, is there any evidence in the record that suggests that the 1-year criterion is not appropriate? I do point to the evidence in the record that shows a marriage certificate between his parents in 1970. Correct. He was born in 1957. Correct. And we also have this statement from the I.J. that his parents weren't married. Do you have anything to tell us that his parents were married? I do not, Your Honor. There's no evidence in the record that they were, and there's some evidence in the record that they were not. So I think from that, it's undisputed that they were unmarried at the time of his birth. That's correct, Your Honor. That means that the 1-year criterion applies, correct? Not conceding the point, but taking the court's question, I think under that criteria, the 1-year period would apply. If it's in front of us, it appears to me that there's sufficient evidence in the record to conclude that the 1-year criterion applies. Taking the court's question and setting aside exhaustion and the mature question, yes, Your Honor. Okay. Now, it seems to me also that there's some evidence in the record, again, undisputed, although it's hearsay. Well, the baptism's not hearsay. She's baptized in this country before she's a year old. We then have his statement. Of course, he was not alive at this time. His statement that she doesn't go back to Mexico until she's a young girl. Now, I don't know quite what young girl means, but that's not the way you ordinarily refer to a child of a year and a half. Young girls would be, I don't know, three years old or older or something. Now, is that, and there's no contradiction to that, is that enough evidence, undisputed evidence from which we would be required to conclude that she had spent one year here uninterrupted within the statutory period? It's difficult for me to say yes or no that it is because I'm not an immigration judge or the Board of Immigration Appeals, and I would be reluctant to say that that is sufficient to confer citizenship. Well, but also, let me do it this way. I'll go step by step. Is it sufficient if she does have a year after her baptism before she goes back to Mexico? Does that fulfill the one-year criterion? I believe it does. Yeah, I'm quite sure it does. And the question then is, does his testimony that she doesn't go back to Mexico until she's a young girl, is that sufficient evidence that she was there for a year? I don't know that it is, Your Honor. And again, this case doesn't come to the court in an ordinary removal review question. And typically, if there isn't a finding of fact or law with respect to the immigration courts or the Board of Immigration Appeals decision, counsel for the government doesn't concede that, yes, this fact is established for purposes of law. We have his testimony. We have the plaintiff's testimony, but what we don't have is an immigration court or the Board of Immigration Appeals sifting of that evidence to determine that, yes, this one-year period has been met. And counsel for the government wouldn't – we don't concede the point with respect to exhaustion and ventura, and the government is in a difficult point to say that yes or no, that this is conferred citizenship over a one-year period. Is part of your problem in answering my question that it's hearsay that he was not alive and he wasn't – he didn't know? Not that it's not hearsay or not. There isn't a finding below by the immigration court or the Board of Immigration Appeals with respect to sifting of this fact. But in your view, the fact that he's not alive doesn't – does not make that incompetent evidence? No, it doesn't make it incompetent evidence. It's his – it's his testimony. It's based on some recollection that he had. Well, it's not a recollection on the – of his own life. That is to say, this was his mother when she was a baby and then a young girl. Of course, he was not born until 30 years later. And who knows what was told between the family? It's going to be family stories is going to be the basis for that, sure. Okay. Thank you. Further questions? Okay. One a minute. Your Honor, I just wanted to add that we believe that this – the question of citizenship under 309, the out-of-wedlock provision, is properly before this Court. There is no genuine issue of material fact, and that the record satisfies the requirement that she had been here for a continuous period of one year. Okay. Let me ask you one further question, last question. If we were to remand this, are we required to remand it to the BIA under Ventura, or can we remand it directly to the district court? Your Honor, my understanding of the law, 1252, is that this case, if there is a genuine issue of material fact concerning his citizenship, must go to the district court. And the Ventura case, which came out recently, well, a few years ago, doesn't modify that in any way. No. Thank you. Thanks. Okay. Thanks, both. Thanks, both sides, for their arguments. The case is Gomez-Diagrano v. Gonzalez is now submitted for decision.
judges: Brunetti, W. Fletcher, Bea